IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| KENNETH BERTHELSON, | ) | CV 11-115-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| NORTHWESTERN CORP. d/b/a | ) | |
| NORTHWESTERN ENERGY, | ) | |
| | ) | |
| Defendant. | ) | |

Northwestern Energy objects to and moves to strike the rebuttal expert opinion of David J. Marne. (Doc. 16.) Northwestern claims that, rather than being a rebuttal opinion, Marne's opinion is an untimely initial liability opinion. Kenneth Berthelson opposes the motion, and the Court denies it.

Rule 26(a)(2) requires parties to disclose in advance expert testimony. This includes experts used solely for purposes of rebuttal. Fed. R. Civ. P. 26(a)(2)(D)(ii). Rebuttal testimony is testimony that "is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." *Id.* The Western District of Washington explained:

> Rebuttal evidence is allowed to permit a litigant to counter new, unforseen facts brought out in the other side's case. Rebuttal evidence is admissible only where the need for it could not have been foreseen at

1

> the time the plaintiff presented its case-in-chief. When a party knows that a contested matter is in the case, yet fails to address it in a timely fashion, he scarcely can be heard to complain that the trial court refused to give him a second nibble at the cherry.

*Daly v. Far E. Ship. Co. PLC.*, 238 F. Supp. 2d 1231, 1238 (W.D. Wash. 2003) (citations and internal quotation marks omitted), *aff'd sub nom. Daly v. Fesco Agencies NA Inc.*, 108 Fed. Appx. 476 (9th Cir. 2004).

Expert rebuttal testimony should not be stricken merely because a party designates only a rebuttal expert to address an issue. *See Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Hawaii 2008).

Here, Marne's expert report addresses the depth at which an underground service cable must be safely buried. Northwestern claims that the report and Marne's testimony should be stricken because, while Berthelson must address this subject in his case-in-chief, he failed to offer initial expert testimony that addressed the depth at which a service cable must be buried.

Northwestern, on the other hand, provided initial expert testimony that addressed cable burial. Its expert, Johnny Dagenhart, wrote that a cable protected by a conduit can be safely buried between 13 and 18 inches.

The Court agrees with Berthelson that Marne's testimony is proper rebuttal testimony. Marne's testimony consists of one opinion:

> Mr. Johnny B. Dagenhart states in his letter report to Mr. Oliver Goe dated March 29, 2012 that the reported depth of the 0 to 600 Volt underground service cable in conduit was between 13 and 18 inches. Mr. Johnny B. Dagenhart opines that the 13 to 18 inch depth is sufficient. I disagree with this opinion. It is my opinion that any burial depth less than 18 inches for the cable and conduit in this case is not sufficient to protect the cable.

Marne's opinion is directed specifically and solely at Dagenhart's opinion. In other words, it "is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii).

Berthelson will likely address the issue of burial depth in its case-in-chief at trial. So this is not likely a case where a party will fail to present specific evidence in its case-in-chief but then attempt to present that evidence in rebuttal. *Cf. Daly*, 238 F. Supp. 2d at 1238; *Noffsinger v. the Valspar Corp.*, 2011 WL 9795 (N.D. Ill. 2011); *In re Trasylol Prod. Liab. Litig.*, 2010 WL 4065436 (S.D. Fla. 2010).

Moreover, Berthelson provides a good reason why it did not initially provide an expert to address burial depth—Northwestern had at least twice represented that the standard for cable burial is 24 inches. Dagenhart, Northwestern's expert, subsequently claimed that cables can instead be buried at a shallower depth when they are enclosed within a conduit. Berthelson claims he was not aware of that contention until he received Dagenhart's report, and Marne's testimony specifically

rebuts it.

While Berthelson might have known from the beginning that his case-in-chief would involve issues related to the depth at which a cable must be buried, he might not have known that he would need to counter Northwestern's initial representation that cables must be buried at 24 inches to satisfy the National Electric Safety Code standard. Dagenhart's report, though, made him aware of that, and he is entitled to rebut it with Marne's testimony.

IT IS ORDERED that Northwestern Energy's motion to strike (doc. 16) is DENIED.

DATED this 4th day of June 2012.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT